UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ISABEL LOPEZ ARIAS,

    Plaintiff,

-vs-

LEXISNEXIS RISK SOLUTIONS INC.,

    Defendant.

Case No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, ISABEL LOPEZ ARIAS (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Consumer reporting agencies that create background reports, like LexisNexis, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them

1

to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

3. When a consumer, like Plaintiff, disputes information through the consumer reporting agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, in the State of Florida; the violations described in

this Complaint occurred in this District; and LexisNexis transacts business within this District.

8. Plaintiff is a "consumer" as defined by the FCRA.

9. LexisNexis is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. LexisNexis is a "consumer reporting agency" as defined in 15 USC § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing background reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. LexisNexis disburses such background reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. LexisNexis is one of the largest credit reporting agencies in the United States today.

13. In or about September 2024, Plaintiff contacted non-party, Progressive, to request a quote for auto insurance but was provided a high quote.

14. At that time, Plaintiff inquired Progressive as to why the quote was so high, and Progressive advised Plaintiff it was due to incidents from non-party, Geico, in her consumer file.

15. Shortly thereafter, Plaintiff contacted Geico for more information and provided her copies of the policy numbers and incidents reported. However, the incidents did not all belong to her and further one of the incidents was connected to someone living in Texas. Plaintiff has never lived in Texas.

16. Geico advised Plaintiff that the information was obtained from LexisNexis.

17. On or about October 1, 2024, Plaintiff mailed a detailed dispute letter to LexisNexis due to the inaccurate reporting. Plaintiff requested a copy of her LexisNexis consumer report and advised that there were inaccurate incidents reported in her file. In the letter, Plaintiff included an image of her driver's license and United States permanent resident identification card as proof of identity. Further, Plaintiff included images of the information provided by Geico of the erroneous incidents, images of her driving record from the State of Florida Department of Highway Safety and Motor Vehicles, and other supporting documents.

18. Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9589 0710 5270 2322 5783 01.

19. Despite confirmation of delivery on October 4, 2024, Plaintiff did not receive dispute results or a copy of her consumer report in the mail. However, on or about November 6, 2024, Plaintiff contacted LexisNexis via telephone to again request a copy of her consumer report.

20. Upon review of the consumer report received from LexisNexis, Plaintiff observed several errors including, but not limited to, three (3) identification records, ten (10) address characteristic records, and two (2) automobile insurance claim records. Further, the LexisNexis consumer report indicated that the inaccurate information was reported at least three (3) times to insurance companies under the Comprehensive Loss Underwriting Exchange (C.L.U.E.) section.

21. LexisNexis failed to do any independent investigation into Plaintiff's disputes.

22. LexisNexis never attempted to contact Plaintiff during the alleged investigation.

23. On or about November 6, 2024, Plaintiff submitted a dispute via telephone to LexisNexis regarding the continued inaccurate report.

24. Further, due to the continued inaccurate reporting, on or about November 25, 2024, Plaintiff mailed a second detailed dispute letter to LexisNexis. Plaintiff advised that there were inaccurate addresses and incidents reported in her file and that the inaccurate information was being reported to insurance companies.

In the letter, Plaintiff included an image of her driver's license and United States permanent resident identification card as proof of identity. Further, Plaintiff included images of the erroneous reporting, images of the information provided by Geico of the erroneous incidents, images of her driving record from the State of Florida Department of Highway Safety and Motor Vehicles, and other supporting documents.

25. Plaintiff mailed her detailed dispute to LexisNexis via USPS Certified Mail, tracking number 9407 1112 0620 5552 3121 38.

26. As of the filing of this Complaint, Plaintiff has not received dispute results from LexisNexis as to her telephonic dispute and second detailed dispute letter.

27. Despite Plaintiff's best efforts to have the erroneous reporting corrected, LexisNexis continues to inaccurately report addresses and incidents in Plaintiff's background report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

28. Despite Plaintiff's pleas, LexisNexis has not conducted an actual investigation.

29. Plaintiff continues to suffer as of the filing of this Complaint with LexisNexis's reluctance to conduct a thorough investigation into her disputes or otherwise make her consumer report accurate.

30. LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

31. As a result of the inaccurate consumer reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her background file. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis's reluctance to fix the errors;

   iv. Loss of the ability to benefit from lower auto insurance rates due to LexisNexis's errors; and

   v. Defamation as LexisNexis published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, LexisNexis Risk Solutions Inc. (Negligent)**

32. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

33. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

34. LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

35. Upon information and belief, LexisNexis allowed for inaccurate information to be reported in Plaintiff's consumer report. LexisNexis failed to have policies and procedures to avoid misreporting addresses and incident records.

36. Upon information and belief, LexisNexis is aware that it has misrepresented address and incident records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

37. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

38. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and

emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

39. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ISABEL LOPEZ ARIAS, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, LexisNexis Risk Solutions Inc. (Willful)

41. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

42. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning Plaintiff.

43. LexisNexis allowed inaccurate information to be reported on Plaintiff's consumer file.

44. Upon information and belief, LexisNexis allowed for inaccurate information to be reported in Plaintiff's consumer report. LexisNexis failed to have policies and procedures to avoid misreporting addresses and incident records.

45. Upon information and belief, LexisNexis is aware that it has misrepresented address and incident records on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

46. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

47. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

48. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

49. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ISABEL LOPEZ ARIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

50. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

51. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

52. Despite the information provided by Plaintiff regarding the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

53. Plaintiff provided LexisNexis with the information it needed to confirm the records reported were inaccurate. LexisNexis ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her consumer file accurate.

54. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

55. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

56. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ISABEL LOPEZ ARIAS, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to Defendant, LexisNexis Risk Solutions Inc. (Willful)

57. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

58. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

59. Despite the information provided by Plaintiff regarding the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

60. Plaintiff provided LexisNexis with the information it needed to confirm the records reported were inaccurate. LexisNexis ignored this information and failed

to conduct a thorough investigation into her disputes or otherwise make her consumer file accurate.

61. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

62. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

63. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ISABEL LOPEZ ARIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, LexisNexis Risk Solutions Inc. (Negligent)

64. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

65. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

66. Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

67. Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her consumer report, or dispute results to Plaintiff.

68. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

69. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ISABEL LOPEZ ARIAS, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violations of 15 U.S.C. § 1681g as to Defendant, LexisNexis Risk Solutions Inc. (Willful)

71. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) above as if fully stated herein.

72. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

73. Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

74. Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation, her consumer report, or dispute results to Plaintiff.

75. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

76. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ISABEL LOPEZ ARIAS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ISABEL LOPEZ ARIAS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, LEXISNEXIS RISK SOLUTIONS INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of November 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610

Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*

19